# HALL *v.* RAY.

A witness, having testified to certain facts, added that he had ascertained them all by examining books kept by him. The books not having been produced, it was *held*, that the testimony was incompetent.

ASSUMPSIT, to recover the sum of $466.45, alleged by the plaintiff to have been paid by him to the Derry Bank, upon a note which he signed at the request and for the benefit of the defendant.

The defendant confessed the action, and that the plaintiff was entitled to recover the sum of $248.37, but alleged that he was not entitled to recover any larger

sum, and as to the residue of the sum of $466.45, he pleaded the general issue.

The plaintiff offered in evidence the deposition of James Thom, the cashier of the Derry Bank, who stated various facts and dates connected with the note referred to, and tending to prove the liability of the defendant, as alleged by the plaintiff.

After stating these facts he added this paragraph:

"All which facts I have ascertained by examining the books and memoranda of the bank kept by me."

The books and memoranda were not produced, nor was their absence accounted for.

The defendant then objected to the evidence, because the books were not produced, and because no reason was given for their non-production.

A verdict was taken for the plaintiff, by consent, for the sum demanded, subject to the opinion of this court upon the admissibility of the deposition.

*Bell*, for the plaintiff.

*West & Morrison*, for the defendant.

WOODS, J. The question in this case arises upon the competency of the testimony of James Thom, who, having stated material facts in unqualified terms, added, that he had ascertained all the facts by examining books and memoranda kept by himself.

Mr. Phillips, in his treatise on the law of evidence, states as undeniable doctrine, that "A witness can depose only to such facts as are within his own recollection. But to assist his memory, he may use a written entry, or memorandum, or the copy of a memorandum; and if afterward he can positively swear to the truth of the fact there stated, such evidence will be sufficient. But if he cannot from recollection speak to the fact any further

than as finding it stated in a written entry, his testimony will amount to nothing." Phil. Ev. 289.

He cites an early case, *Sandwell* v. *Sandwell,* from Comberback 445, decided in 1697 ; a nisi prius decision of Lord *Holt,* in which it is said, that "when a witness swears to a matter, he is not to read a paper for evidence, though he may look upon it to refresh his memory. But if he swear to words, he may read it, if he swears that he presently committed it to writing, and that these are the very words."

In *Doe* v. *Perkins,* 3 T. R. 749, decided in 1790, near a century after *Sandwell* v. *Sandwell,* the witness had been with the receiver of rents to the different tenants upon the estate, whose declarations respecting the times when they severally became tenants were minuted down in a book at the time ; some of the entries having been made by the witness, and some by the receiver. The witness testified from extracts which he had made from that book, and confessed, upon cross-examination, that he had no memory of his own of those specific facts ; but that his evidence was founded altogether upon the extracts which he had made. It was held that the evidence was inadmissible.

In that case Mr. Justice *Buller* read a manuscript of the case of *Tanner* v. *Taylor;* a nisi prius case, decided in 1756, in which the witness, who proved the delivery of the goods for which the action was brought, used a copy of a day-book which he had left at home; and upon its appearing that he could not state the facts from recollection, the evidence was rejected and the plaintiff nonsuited.

This rule, derived from the ancient authorities cited, is confirmed by many recent cases, and is of familiar application in practice. 1 Greenl. Ev., sec. 436, and the authorities cited.

It points to no distinction between testimony which the witness gives without any memorandum, or other paper at

all before him, and testimony which he gives with the aid of copies from memoranda, or documents.   He is not permitted, either from memory or by means of copies before him, to state as testimony a fact which he has gathered from a paper not produced ; and it is immaterial whether the absent paper be of his writing or dictating, or wholly the work of another, if, after he has taken notice of its contents, he cannot remember, as facts, the transactions which it records.

But this rule does not exclude the use of a contemporaneous memorandum, or a memorandum made so soon after the occurrence noted, that the effect of it, in preserving the truth in its particulars, is the same as if it had been made simultaneously with the event described ; the witness testifying that it was correctly made.

Such memoranda are sometimes, when produced, instruments of evidence, from their intrinsic nature ; sometimes the stamp acts have caused them to be excluded as such, but have not prevented them from being available, as affording the witness who made them, or who saw them made, so strong a conviction that the recorded fact occurred as to take away all doubt from his mind, as in *Maugham* v. *Hubbard*, 8 B. & C. 14.

In this case the witness had no recollection of receiving the sum of money in question ; but, from seeing his initials affixed to an entry in a book to that effect, declared that he had no doubt that he did so receive it.   The court held the evidence admissible, because, in stating that he had no doubt that the fact occurred, he did as much as to state that he knew or remembered it.   It was compared to the case of a witness to a deed, who does not remember its execution, but, from seeing his sign upon the deed as a witness, has no doubt that he saw its execution.

So also in *Burrough* v. *Martin*, 2 Camp. 112, the witness testified that he had from time to time inspected the log-book exhibited, and found that it had been correctly kept.   It was permitted to be used.

In this case no books are produced, whether to be used as instruments of evidence, or to be used, as in the cases last cited, to impress upon the mind of the witness the conviction that he once knew the fact to be true, although he had, when he testified, forgotten it. But the witness, if he does not state the facts from memory, states them upon the credit of an absent document. This he is very clearly precluded from doing, by the rule.

This leads us to the only other question which the case presents. This relates to the construction which should be given to the witnesses' language; and whether he must be understood to say in effect that he testifies only upon the faith of the books that he has inspected, and means no more than to state that the tenor of the books is as he testifies; or whether he intends to go further, and to say that he knows the facts to be as he states them, because he finds that he so set them down with his own hand, that he was accustomed to set down there nothing but what he knew to be true; or whether he ought, upon a fair and reasonable construction of his words, to be understood as stating the facts from his own memory, refreshed or confirmed by the examination which he has made of the books.

His language is, in relation to the facts stated by him, "All which facts I have ascertained by examining the books and memoranda of the bank kept by me."

Now, although there may be some ground for saying that such language is not free from ambiguity, we think it such as would much more likely be used in one of the two former senses suggested than in the last. A witness would scarcely say that he had ascertained a fact from the book that he would remember without it, or which he could remember after inspecting it. We think that the most obvious and the fairest inference to be drawn from the expression of the witness is, that he makes his statements upon the faith and credit of the books and memo-

randa; that he could not know and could not believe them, independently of their contents, and remembered nothing except what they contained.

The case therefore falls clearly within the rule. The testimony of the witness should have been excluded, and the verdict must be set aside and a

*New trial granted.*